```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FERREL L. AGARD,
                                        E.D. Bankr. Case
                       Appellant,       No. 8-10-77338(REG)

         -against-
                                        MEMORANDUM & ORDER
SELECT PORTFOLIO SERVICING, INC.        11-CV-1826(JS)
and MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

                       Appellee.
----------------------------------X
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

                       Appellant,       11-CV-2366(JS)

         -against-

FERREL L. AGARD, ROBERT L. PRYOR,
U.S. TRUSTEE, SELECT PORTFOLIO
SERVICING, INC.,

                       Appellee.
----------------------------------X
APPEARANCES
For Agard:              George E. Bassias, Esq.
                        21-83 Steinway Street
                        Astoria, NY 11105

                        Karamvir Dahiya, Esq.
                        Dahiya Law Offices LLP
                        350 Broadway, Suite 412
                        New York, NY 10013

For Select Portfolio    Amy E. Polowy, Esq.
Servicing, Inc.:        Steven J. Baum, P.C.
                        220 Northpointe Parkway, Suite G
                        Buffalo, NY 14228

                        Joseph N. Froehlich, Esq.
                        Ford Bissell & Brook LLP
                        885 Third Avenue
                        New York, NY 10022
```

```
For MERS:              Charles C. Martorana, Esq.
                       Jessica Marie Baker, Esq.
                       Hiscock & Barclay, LLP
                       1100 M & T Center
                       Buffalo, NY 14203

For Pryor:             Robert L. Pryor, Esq.
                       Pryor & Mandelup, LLP
                       675 Old Country Road
                       Westbury, NY 11590

For U.S. Trustee:      Alfred M. Dimino, Esq.
                       U.S. Department of Justice
                       Office of the United States Trustee
                       Long Island Federal Courthouse
                       560 Federal Plaza
                       Central Islip, NY 11722
```

SEYBERT, District Judge:

Pending before the Court are two appeals arising out of a Chapter 7 bankruptcy petition filed in the United States Bankruptcy Court for the Eastern District of New York by debtor Ferrel L. Agard (the "Debtor").  On October 14, 2010, Select Portfolio Servicing, Inc. ("Select") filed a motion to terminate the automatic stay, which Bankruptcy Judge Robert E. Grossman granted on February 10, 2011, see In re Agard, 444 B.R. 231 (Bankr. E.D.N.Y. 2011).  On February 25, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS"), an intervening party, filed a motion for reconsideration, which was denied on April 8, 2011.  MERS now appeals Judge Grossman's opinion granting Select's motion to terminate the automatic stay and the order denying MERS' motion for reconsideration.  For the

2

following reasons, MERS' appeal is GRANTED, and Judge Grossman's opinions are VACATED IN PART.

BACKGROUND

I.   Factual Background

On June 9, 2006, the Debtor executed a promissory note (the "Note") and mortgage (the "Mortgage") secured by residential real property located in Westbury, New York (the "Property"). First Franklin, a division of National City Bank of Indiana, is the "Lender" named in both the Mortgage and the Note. The Mortgage also names the Appellant MERS, stating that "MERS is a separate entity that is acting solely as a nominee for Lender and Lender's successors and assigns" (Mortgage at 1), and that "MERS (as nominee for Lender and Lenders' successors and assigns) has the right: (A) to exercise any or all those rights, including, but not limited to, the right to foreclose and sell the Property; and (B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument" (Mortgage at 3).

On February 1, 2008, MERS executed an Assignment of Mortgage from MERS as nominee for First Franklin to U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF12, Mortgage Pass-Through Certificates, Series 2006-FF12 ("U.S. Bank"). Subsequent to the Assignment of Mortgage, the Debtor defaulted under the terms of the Mortgage

3

and Note, and U.S. Bank commenced a foreclosure action on March 24, 2008 in New York State Supreme Court, Nassau County. The Debtor failed to answer or otherwise appear in that action, and a Judgment of Foreclosure and Sale was entered in favor of U.S. Bank on November 24, 2008.

II.  The Bankruptcy Proceeding

On September 20, 2010, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. In a schedule attached to her bankruptcy petition, the Debtor listed her interest in the Property, stating that she defaulted on the Mortgage and a foreclosure sale was scheduled for September 21, 2010. On October 14, 2010, Select, as servicer for U.S. Bank, filed a motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to foreclose on the Property.

On October 27, 2010, the Debtor filed a "limited opposition" to the motion, arguing that Select/U.S. Bank lacked standing to seek the relief requested because MERS' nominee status did not give it authority to assign the Mortgage to U.S. Bank, so the Assignment of Mortgage was invalid. This would mean that U.S. Bank does not have a bona fide interest in the Property and, accordingly, is not a secured creditor. The issue was fully briefed, and Judge Grossman heard oral argument. Before a decision could be rendered on the motion, MERS moved to intervene in the matter because:

>   [1]  The Court's determination of the MERS Issue directly affects the business model of MERS. Additionally, approximately 50% of all customer mortgages in the United States are held in the name of MERS, as the mortgagee of record.
>
>   [2]  The Court's determination of the MERS Issue will have significant impact on MERS as well as the mortgage industry in New York and the United States.
>
>   [3]  MERS has a direct financial stake in the outcome of this contested matter, and any determination of the MERS Issue has direct impact on MERS.

(Motion to Intervene ¶¶ 12-14.) Judge Grossman granted MERS' motion to intervene after a hearing on December 13, 2010.

After an additional round of briefing, on February 10, 2011, Judge Grossman issued an opinion granting Select's motion (the "Stay Opinion") and an Order terminating the automatic stay and permitting Select to continue with a foreclosure sale of the Property (the "Stay Order"). Judge Grossman held that U.S. Bank's status as a secured creditor was already determined by the state court that issued the Judgment of Foreclosure in its favor, and, accordingly, pursuant to the doctrines of res judicata and Rooker-Feldman, that issue could not be revisited by the Bankruptcy Court. See In re Agard, 444 B.R. at 244 ("The state court already has determined that U.S. Bank is a secured creditor with standing to foreclose and this Court cannot alter that determination in order to deny U.S. Bank standing to seek

relief from the automatic stay."). "On that basis, and because [Select] ha[d] established grounds for relief from stay under Section 362(d)," Judge Grossman granted Select's motion. See id.

> Judge Grossman continued:
>
> Because of the broad applicability of the issues raised in this case the Court believes that it is appropriate to set forth its analysis on the issue of whether [Select/U.S. Bank], absent the Judgment of Foreclosure, would have standing to bring the instant motion. Specifically MERS's role in the ownership and transfer of real property notes and mortgages is at issue in dozens of cases before this Court. As a result, the Court has deferred ruling on motions for relief from stay where the movants' standing may be affected by MERS's participation in the transfer of real property notes and mortgages. In the instant case, the issues were resolved under the Rooker-Feldman doctrine and the application of res judicata. Most, if not all, of the remainder of the "MERS cases" before the Court cannot be resolved on the same basis. For that reason, and because MERS has intervened in this proceeding arguing that the validity of MERS['s] assignments directly affects its business model and will have significant impact on the national mortgage industry, this Court will give a reasoned opinion as to [Select/U.S. Bank]'s standing to seek relief from the stay and how that standing is affected by the fact that U.S. Bank acquired its rights in the Mortgage by way of assignment from MERS.

Id. at 244-45. Judge Grossman then made the following findings: (1) U.S. Bank is not the holder of the Note, see id. at 246

6

("[T]he Court finds that the Assignment of the Mortgage is not sufficient to establish an effective assignment of the Note."); (2) the Mortgage, by naming MERS as a "nominee," did not bestow authority upon MERS to assign the Mortgage, see id. at 252; (3) neither MERS' membership rules nor New York agency laws conferred upon MERS the authority to assign the Mortgage, see id. at 252-54; and (4) accordingly, U.S. Bank is not the holder of the Mortgage and, absent the Judgment of Foreclosure, would not have had standing as a secured creditor, see id. The court concluded stating that "in all future cases which involve MERS, the moving party must show that it validly holds both the mortgage and the underlying note in order to prove standing." Id. at 254.

On February 25, 2011, MERS filed a motion to reconsider Judge Grossman's decision granting the stay. Judge Grossman heard oral argument on March 30, 2011 and on April 8, 2011 issued an order denying the motion (the "Reconsideration Order").

III. The Pending Appeals

On February 22, 2011, the Debtor filed a Notice of Appeal from the Stay Order. On March 8, 2011, MERS filed a notice of cross-appeal, and on April 8, 2011, MERS filed a notice of another appeal of the Reconsideration Order. Debtor withdrew her appeal on April 21, 2011, and on November 16, 2011,

7

the Court consolidated the remaining appeals--MERS' cross-appeal of the Stay Order and MERS' appeal of the Reconsideration Order. This consolidated appeal is presently pending before the Court. MERS' filed its brief on December 16, 2011. No party filed a brief in opposition.

## DISCUSSION

MERS argues that the Stay Order (which incorporates by reference the Stay Opinion detailing the court's rationale) must be vacated in part to the extent that it goes beyond the application of the Rooker-Feldman doctrine and res judicata to terminate the stay because: (1) the Bankruptcy Court lacked jurisdiction under the "case or controversy" requirement of Article III of the United States Constitution to address the alleged issues arising out of MERS' participation in the transfer; (2) even if the Bankruptcy Court had jurisdiction, it was an error of law for the Bankruptcy Court to reach these issues; and (3) even if the issues were properly before the Bankruptcy Court, there were significant errors of law and fact in the court's analysis which warrant vacatur.[1]

---

[1] The Court notes that MERS is not seeking any relief with respect to the Reconsideration Order. As such, the Court finds that any issues MERS may have had with such order are considered waived and will not be addressed in this Memorandum and Order. See In re Emanuel, Nos. 11-BK-2272, 11-BK-2716, 2012 WL 386433, at *2 (2d Cir. Feb. 8, 2012) ("[Appellant] abandoned any challenge to the district court's denial of his motion for reconsideration by failing to raise any such challenge in his

8

I.  Standard of Review on Bankruptcy Appeal

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. FED. R. BANKR. P. 8013. The Bankruptcy Court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see also Momentum Mfg. Corp. v. Emp. Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994). The Bankruptcy Court's legal conclusions, however, are reviewed de novo. See Momentum Mfg. Co., 25 F.3d at 1136.

II. "Case or Controversy" Requirement

"[T]he exercise of federal jurisdiction under [Article III of] the Constitution 'depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions.'" U.S. v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (quoting U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993)); see also Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) ("Article III denies federal courts the power to decide questions that cannot affect

---

appellate brief." (citing Hutchinson v. Deutsche Bank Sec. Inc., 647 F.3d 479, 491 n.5 (2d Cir. 2011)); Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

9

the rights of litigants in the case before them and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts.").[2] The Supreme Court has emphasized that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks and citation omitted).

MERS argues that to the extent that the Stay Opinion addresses and attempts to resolve issues beyond the application of Rooker-Feldman and res judicata, it is an improper advisory opinion and should be vacated. The Court agrees. In holding that Rooker-Feldman (or in the alternative, res judicata) barred revisiting the issue of Select/U.S. Bank's standing as a secured creditor, the Bankruptcy Court recognized that it lacked subject matter jurisdiction over the dispute, see Hoblock v. Albany

---

[2] "Bankruptcy courts derive their jurisdiction from Article III courts, and like these Article III courts, bankruptcy courts cannot issue advisory opinions." In re Nunez, Nos. 98-CV-7077, 98-CV-7078, 2000 WL 655983, at *6 (E.D.N.Y. Mar. 17, 2000) (citations omitted); accord N.J. Dep't of Envtl. Prot. & Energy v. Heldor Indus., Inc., 989 F.2d 702, 707 n.8 (3d Cir. 1993).

10

Cnty. Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005) (recognizing that the Rooker-Feldman doctrine "goes to subject-matter jurisdiction"), thus the issue of whether MERS had authority to assign the Mortgage was no longer before the Bankruptcy Court. In other words, there was no longer a live case or controversy. Judge Grossman's discussion and analysis addressed a now-hypothetical issue: whether Select/U.S. Bank would have had standing absent the Judgment of Foreclosure, see In re Agard, 444 B.R. at 245. And Judge Grossman's conclusion--that MERS did not have authority to assign the Mortgage--had no effect on the parties or the bankruptcy.

Accordingly, this portion of the Stay Order constitutes an unconstitutional advisory opinion and must be vacated. See Unalachtigo Band of the Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126 (3d Cir. 2010) (vacating in part a district court's opinion that addressed an intervenor's motion to dismiss after sua sponte dismissing the complaint for lack of standing); Heldor, 989 F.2d at 709 (vacating an order entered by the bankruptcy court after the issue was mooted by the withdrawal of the objections to the motion); In re Nunez, 2000 WL 655983, at *7 (vacating a decision of the bankruptcy court addressing a standing issue raised by the court sua sponte after all motions had been granted or withdrawn and the underlying bankruptcies terminated).

11

CONCLUSION

For the foregoing reasons, the Court GRANTS MERS' appeal and VACATES the portion of the Stay Decision and Order addressing the hypothetical question of whether Select/U.S. Bank would have had standing absent the Judgment of Foreclosure.

The Clerk of the Court is directed to mark both actions in this consolidated appeal CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March   28  , 2012
         Central Islip, NY